(Pleito No. 8.—Fallado el 9 de Diciembre de 1899.)

## OLIVAS contra ACOSTA.

RECURSO contra sentencia dictada por el Tribunal de Distrito de San Juan.

1.—VENTAS EN PÚBLICA SUBASTA Y DERECHOS DEL COMPRADOR. Cuando una finca hipotecada se vende en pública subasta, el comprador de la misma está en libertad de reconocer la hipoteca hasta donde alcance el precio de la compra y de depositar la cantidad para cubrir el pago del capital é intereses el día de su vencimiento; ó bien, de aplicar el producto de la venta para cubrir el crédito hipotecario. En el último caso, el comprador puede exigir del acreedor hipotecario la cancelación de dicho crédito, esté ó no cubierto el importe de la deuda con el producto de la venta.

2.—VENTA PARA HACER DIVISIONES. La regla precedente es aplicable con relación á un inmueble, indivisible por su naturaleza, vendido para hacer la partición entre los condueños, y donde la hipoteca está constituída sobre una parte alícuota de la cosa común.

3.—BASE PARA EL PAGO. Cuando se hace una venta en pública subasta de una cosa común, la parte de precio que toque al condueño hipotecante es la que debe servir de base para el pago del crédito hipotecario, ó para su reconocimiento por el comprador ó rematista.

4.—BALANCE NO SATISFECHO. El acreedor hipotecario en dicho caso puede ejercitar sus derechos contra el deudor si el crédito no se satisface en su totalidad.

5.—LA HIPOTECA CON RELACIÓN AL INTERÉS DE LOS CONDUEÑOS está limitada á la porción que á dichos condueños les corresponde en la división al cesar la comunidad, de acuerdo con los artículos 399 y 1,876 del Código Civil.

6.—ERROR INMATERIAL. Un error de derecho cometido por un Tribunal inferior y que no afecta la parte dispositiva de la sentencia, no puede ser alegado como motivo determinante para producir una casación.

7.—**NO EJECUTA DAÑO.** De conformidad con lo estatuído en el artículo 1902 del. Código Civil, una persona no ejecuta daño á otra cuando pide á un Tribunal la realización de un derecho. La imposición de costas es el único correctivo aplicable á la parte cuyas pretensiones hayan sido desestimadas, contra lo cual no cabe recurso alguno.

SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á nueve de Diciembre de mil ochocientos noventa y nueve, en los autos seguidos por Doña Eva Acosta y Knight de Palacios, propietaria y vecina de esta Capital, contra Don José Balmes y Don Juan Olivas, del comercio é igual vecindad, ante el suprimido Juzgado de 1ª Instancia de San Francisco y el Tribunal del Distrito de San Juan, sobre venta en pública subasta de la casa número 7 de la calle de San Justo y cancelación de hipotecas; autos pendientes ante Nos en recurso de casación por infracción de Ley interpuesto por Olivas, representado y defendido por el Letrado Don Wenceslao Bosch, estándolo á su vez Doña Eva Acosta de Palacios por el Letrado Don Francisco de P. Acuña.—Resultando: Que Doña Eva Acosta y Knight, con autorización de su legítimo esposo Don Rafael R. Palacios Salazar, produjo con fecha veinte y dos de Junio de mil ochocientos noventa y siete escrito de demanda en juicio declarativo de mayor cuantía contra Don José Balmes y Doña Emilia Chevremont, alegando ser dueña de tres sextas partes de la casa número 7 de la calle de San Justo de esta Capital, y los demandados, de una y dos sextas partes respectivamente, é invocando como fundamentos de derecho atinentes al caso los artículos 400, 404, 406 y 1,602 del Código Civil, suplicó se ordenara por sentencia la venta de la casa referida en pública subasta, con admisión de licitadores extraños é imposición de las costas á quien se opusiere temerariamente á su pretensión. —Resultando: Que citados y emplazados Don José Balmes y Doña Emilia Chevremont, el primero se allanó á la demanda interpuesta; y respecto de la segunda, se hubo por contestada, por no haberse personado en autos dentro del término legal.—Resultando: Que habiendo hipotecado Don

José Balmes á favor de Don Juan Olivas la sexta parte del condominio de la finca expresada, por escritura pública de ocho de Abril de mil ochocientos noventa y siete, para garantir un crédito de cinco mil quinientos pesos, pagaderos á los cinco años, con interés de doce y medio por ciento al año, y adquirido el expresado Olivas por escritura de 5 de Octubre del mismo año las dos sextas partes pertenecientes á Doña Emilia Chevremont, modificó y amplió su demanda Doña Eva Acosta, dirigiéndola contra Olivas en sustitución de la Chevremont, no sólo como condueño sino como acreedor hipotecario y adicionándola con aquellos hechos; recomendó además de los fundamentos de derecho antes expuestos el artículo 125 de la Ley Hipotecaria, en cuanto al derecho real que á Olivas asistía sobre la sexta parte de la casa correspondiente á Balmes, pues Olivas no podía ignorar que el condominio hipotecado estaba sujeto al derecho que tenían los demás partícipes de pedir que cesase la comunidad y de que en su caso se rematara la cosa común, quedando en su consecuencia sometido á la disminución de la garantía siempre que no alcanzara á cubrir el importe de la deuda; y suplicó por último que habiendo por excluída del juicio á Doña Emilia Chevremont, se tuviera por interpuesta en su lugar la demanda contra Don Juan Olivas, respecto del cual debía entenderse ampliada en la forma expuesta, condenándolo en su oportunidad á la venta en subasta de la casa; cuya subasta aceptará no sólo por su dominio sino además por su derecho hipotecario, el cual se cancelará en debida forma, cualquiera que sea el precio que se obtenga, sin perjuicio de sus derechos contra Balmes para cobrar la diferencia, con las costas á su cargo.—Resultando: Que Don Juan Olivas al contestar la demanda, estuvo conforme en que se procediese á la venta en pública subasta de la casa de que se trata, pero se opuso á la cancelación del derecho hipotecario que también había solicitado la parte demandante, exponiendo como fundamentos de hecho que por escritura pública de ocho de Abril de mil ochocientos noventa y siete

Don José Balmes reconoció deberle la cantidad de cinco mil quinientos pesos, hipotecando á la seguridad del pago de dicha cantidad en el término de cinco años, intereses de uno y medio por ciento mensual y costas, la sexta parte de la casa número 7 de la calle de San Justo; que de la hipoteca antedicha se tomó razón, previo pago de los derechos reales en el Registro de la Propiedad de esta Capital con fecha 14 de Abril citado; y que entre la fecha de la escritura y aún la de su inscripción y la de la demanda interpuesta mediaba un intervalo de tiempo de más de dos meses: y alegando como fundamentos de derecho los artículos 348, 399, 404, 405, 1,254 y 1,255 del Código Civil, y los 25 y 27 de la Ley Hipotecaria, y oponiendo la excepción de *sine actione agis*, suplicó se le hubiese por allanado á la demanda en la parte relativa á la venta en pública subasta de la casa número 7 de la calle de San Justo y por opuesto al otro extremo concerniente á la cancelación de la hipoteca antes de espirar el término en el contrato fijado, declarándose en su día sin lugar respecto de ese punto la demanda, con imposición de las costas á la parte actora.—Resultando: Que Olivas al escrito de contestación acompañó copia de la escritura otorgada á su favor en ocho de Abril de mil ochocientos noventa y siete, por Don José Balmes, hipotecándole la sexta parte que le correspondía en el dominio de la casa número 7 de la calle de San Justo, para garantía y seguridad de cinco mil quinientos pesos, que el primero prestó al segundo y que éste se obligó á satisfacerle en un plazo de cinco años, con el interés del uno y medio por ciento mensual, siendo extensiva la hipoteca á asegurar trescientos pesos más por razón de intereses y costas, y dando á dicha sexta parte el mismo valor á que asciende la suma asegurada; é igualmente acompañó copia de otra escritura otorgada en cinco de Octubre del propio año por la que Doña Emilia Chevremont le vendió las dos sextas partes que le correspondían en la mencionada casa, por precio de nueve mil quinientos pesos.—Resultando: Que el demandante insistió al replicar en cuanto tenía ex-

puesto, añadiendo que con fecha trece de Marzo de mil ocho-
cientos noventa y siete, por ante el Notario Don Antonio
Alvarez Nava,. requirió á Don José Balmes para que convi-
niera en aceptar la adjudicación de la mitad del valor de la
casa que á aquél pertenecía, ó se prestara á sacar la finca á
pública subasta para la división del producto entre los con-
dueños, á lo que expuso Balmes que se abstenía de contestar
hasta el día siguiente por tratarse de asunto de importancia,
en que quería oir el dictamen de un Letrado, y lejos de dar
la contestación ofrecida, otorgó en ocho de Abril siguiente
la escritura hipotecaria á favor de Don Juan Olivas, su her-
mano y consocio, comprometiendo en la hipoteca todo el
valor que atribuía á su participación en la finca; y después
de citar como fundamentos legales los artículos 1,218 del
Código Civil y 503 de la Ley de Enjuiciamiento Civil, repro-
dujo la petición de la demanda y su ampliación habiendo
acompañado copia de la escritura de requerimiento de que
hizo mérito.—Resultando: Que no habiendo duplicado Don
Juan Olivas dentro del término que se señaló, se hubo por
evacuado ese trámite.—Resultando: Que Don José Balmes
en el escrito de dúplica manifestó su conformidad con los
hechos adicionados por Doña Eva Acosta en el de réplica,
alegando que su dominio sobre la sexta parte de la casa en la
fecha de la escritura hipotecaria que otorgó á favor de Don
Juan Olivas, no tenía limitación alguna, por lo que, según
el artículo 348 del Código Civil, pudo disponer á su antojo
de aquel condominio, y que si bien las actas notariales tienen
todo el valor de documentos públicos, sólo obligan á aquello
que en dichas actas conste, suplicando en su virtud se re-
suelva en su día como solicitó en el escrito de contestación á
la demanda.—Resultando: Que suministradas pruebas por
las partes y sustanciado el juicio en dos instancias, el Tribu-
nal del Distrito de San Juan dictó en tres de Octubre
último sentencia, por la que ordenó la venta en pública
subasta, con admisión de licitadores extraños, de la casa
número 7 de la calle de San Justo, repartiéndose su precio

entre los condueños en proporción á su interés en el condominio, debiendo en su consecuencia el condueño Don Juan Olivas cancelar en su totalidad la hipoteca constituída sobre la sexta parte que á Don José Balmes corresponde, cualquiera que sea el precio que en el remate se obtenga, quedando á salvo el derecho de Olivas para ejercitarlo contra Balmes en el caso de que el producto de la parte proporcional de éste en el remate, no llegue á cubrir la totalidad del crédito, y entendiéndose la obligación de cancelar impuesta á Olivas, si el comprador en el remate de la finca lo exigiere con las costas de primera instancia á Olivas, confirmándose en lo conforme, y en lo que no, revocándose la sentencia del Juzgado, sin especial condenación de costas en la segunda instancia.—Resultando: Que Don Juan Olivas ha interpuesto recurso de casación por infracción de ley contra la expresada sentencia, autorizado por los números 1º, 2º y 4º del artículo 1,690 de la Ley de Enjuiciamiento Civil, y citando como infringidos:—Primero. El artículo 105 de la Ley Hipotecaria, según el cual la hipoteca sujeta directa é inmediatamente los bienes sobre que se impone, cualquiera que sea su poseedor al cumplimiento de la obligación para cuya seguridad fué constituída, infiriéndose de tal prescripción que de la escritura hipotecaria de ocho de Abril de mil ochocientos noventa y siete, otorgada por Don José Balmes á favor de Don Juan Olivas sobre la sexta parte de la casa de la calle de San Justo, no pueden nacer otros vínculos de derecho ni derivarse más obligaciones que las que del contrato naturalmente se deduzcan entre las partes contratantes y el tercero que pueda algún día adquirir esa sexta parte, por lo que Doña Eva Acosta, que sólo tiene condominio de una mitad de dicho inmueble, y que no intervino en la escritura hipotecaria ni sufre por la hipoteca lesión ó perjuicio, carece de acción en su carácter de dueña del expresado condominio para exigir de Olivas cancelaciones de gravámenes que no afectan á su participación.—Segundo. El artículo 399

del Código Civil, que dispone que todo condueño tendrá la plena propiedad de su parte y la de sus frutos y utilidades que le correspondan, pudiendo en su consecuencia enajenarla, cederla ó hipotecarla, y estando el efecto de la enajenación ó de la hipoteca con relación á los condueños limitado á la porción que se le adjudique en la división al cesar la comunidad, en cuya virtud Don José Balmes pudo hipotecar como lo hizo á favor de Don Juan Olivas ó de cualquiera otra persona su participación en el inmueble cuyo remate se solicita, siempre que la hipoteca no afectara para nada las participaciones de los demás condueños, aunque corriendo siempre el acreedor hipotecario la contingencia de que pudiera llegar un día en que cesara la comunidad y el adquirente exigiera la cancelación ó el depósito de la parte de precio correspondiente á la parte hipotecada; y por no estimarlo así la sentencia recurrida, y por consignarse erróneamente en uno de los considerandos que el gravamen constituído en la sexta parte de la casa número 7 de la calle de San Justo á favor del condueño Don Juan Olivas, por estar constituído sobre la parte alícuota de una cosa esencialmente indivisible, afecta por iguales partes y en proporción al total de la cosa, resulta el fallo una violación del artículo citado, de todos los demás preceptos del Código Civil en materia de comunidad de bienes, y de los artículos de la Ley Hipotecaria que á hipotecas se refieren.—Tercero. El artículo 131 de la Ley Hipotecaria, aplicable por analogía al caso de autos, relativo á que si para el pago de alguno de los plazos del capital ó de los intereses de un crédito hipotecario, fuere necesario enajenar la finca hipotecada y aún quedaren por vencer plazos de la obligación, se verificará la venta y se transferirá la finca al comprador con la hipoteca correspondiente á la parte del crédito que no estuviere satisfecha, la cual con los intereses se deducirá del precio, añadiéndose luego en otro párrafo que si el comprador no quisiere la finca con esta carga, depositará su importe con los intereses que

le correspondan, para que sea pagado el acreedor, al venci-
miento de los plazos pendientes, de cuyo precepto se infiere
que cuando se trata del remate de bienes hipotecados,
en todo ó en parte, sólo el comprador ó el rematista está
autorizado, y por tanto tiene acción, para exigir lo que en el
párrafo antedicho se expresa, esto es, para reconocer la
hipoteca ó para depositar la cantidad por ella asegurada,
á fin de que el acreedor sea pagado á su vencimiento; y por
no estimarlo así la sentencia recurrida, declarando con
lugar la demanda en el extremo de que Olivas está obligado
á cancelar, aunque haciendo depender de la voluntad del
comprador la cancelación, cuando ni en el mencionado
artículo 131 ni en ninguno otro de la Ley Hipotecaria ó del
Código Civil se impone al acreedor hipotecario tal obligación
de cancelar á instancia de otra persona que no sea el
comprador, sino que sanciona á éste el derecho para reco-
nocer la hipoteca ó depositar su importe, si no quiere
la finca con gravamen, ha faltado evidente y manifiesta-
mente al precepto que entraña el artículo 131 de la Ley
citada.—Cuarto. El artículo 350 de la Ley de Enjuicia-
miento Civil, que exige que las sentencias sean claras y
precisas y congruentes con las pretensiones de las partes,
á cuya regla no se atempera la sentencia recurrida, que
no sólo carece de tales claridad y precisión, sino que tiene
pronunciamientos contradictorios, dado que ejercitando Don
Rafael Palacios y Doña Eva Acosta una acción de condomi-
nio para que se cancele la hipoteca que grava la sexta parte
del inmueble hipotecado, al efectuarse el remate, el Tribunal
declara con lugar la demanda respecto á ese extremo de
la cancelación, en tales términos que resalta á la vista
una palmaria contradicción, porque si el Tribunal pudo
imponer á Olivas la obligación de cancelar, no era necesaria
la voluntad del comprador para que la cancelación se
efectuara, y si para la eficacia de tal obligación es indispen-
sable la conformidad del comprador, es evidente que la
obligación impuesta carece de valor y eficacia, y si sólo

la voluntad del comprador es la que decide de la suerte de la hipoteca, obvio es que el propietario del condominio carece de acción para exigir lo que sólo en derecho corresponde al comprador del inmueble, habiendo dictado el Tribunal de Distrito un fallo contradictorio por haber confundido las acciones del condominio con las del hipotecario. —Quinto. El artículo 1,516 de la Ley de Enjuiciamiento Civil, aplicable por analogía, del cual se infiere que en el caso de remate de bienes afectos á hipotecas, las cancelaciones sólo pueden decretarse á instancia del comprador, previo depósito de las cantidades por las hipotecas representadas, careciendo por tanto Doña Eva Acosta y Don Rafael Palacios, que sólo son dueños de un condominio de acción, para pedir lo que es derecho exclusivo del comprador, cuando el remate se haya efectuado.—Sexto. El artículo 1,902 del Código Civil, que declara que el que por acción ú omisión causa daño á otros, interviniendo culpa ó negligencia, está obligado á reparar el daño causado, pues la demanda promovida por Doña Eva Acosta, en la parte relativa á que se obligue á Olivas á cancelar, era de todo innecesaria, toda vez que los derechos del comprador ó rematista permanecían inalterables el día del remate, bien para optar por el depósito de la parte de precio correspondiente á la sexta parte hipotecada, si no cubría la cantidad garantida por la hipoteca, bien para reconocer la hipoteca misma, por cuya razón el sostenimiento del pleito por parte del actor ha ocasionado perjuicios á Olivas, quien lejos de abonar las costas, como se ordena en el fallo, ha de ser reintegrado por el actor de todas las causadas en el sostenimiento de sus derechos.—Visto, siendo Ponente el Juez Asociado Don José C. Hernández.—Considerando: Que la Sala sentenciadora no ha infringido el artículo 175 de la Ley Hipotecaria, que se cita en el primer motivo del recurso, y que concuerda literalmente con el artículo 1,876 del Código Civil, pues el fallo ordena que el crédito hipotecario constituído por Don José Bal-

mes á favor de Don Juan Olivas, sobre la sexta parte de
la casa número 7 de la calle de San Justo, sea cubierto con
el producto en venta de dicha sexta parte hasta donde
alcance, cancelándose la hipoteca, si el comprador de la finca
lo solicitare, con lo cual se reconoce en éste el derecho de
optar por el pago de dicho crédito ó por su reconocimiento,
hasta donde alcance el valor que en el remate corresponda á
la sexta parte hipotecada por Olivas, para no lesionar los
derechos de los demás condueños, respetándose así el pre-
cepto que aquel artículo entraña, ó sea que la hipoteca sujeta
directa ó inmediatamente los bienes sobre que se impone,
cualquiera que sea su poseedor, al cumplimiento de la obli-
gación para cuya seguridad fué constituída, y armonizándolo
con los artículos 131 de la Ley Hipotecaria y 399 del
Código Civil, cuyo cumplimiento invoca la misma parte
recurrente al exponer los motivos segundo y tercero del
recurso.—Considerando: Que si bien al establecer el Tribunal
del Distrito de San Juan en uno de los considerandos del
fallo recurrido, que el gravamen constituído sobre la sexta
parte de la casa número 7 de la calle de San Justo por el
condueño Balmes, á favor del otro condueño Olivas, por
estar constituído sobre parte alícuota de una cosa esencial-
mente indivisible, afecta por iguales partes y en proporción
al total de la cosa, ha incurrido en error de derecho apartán-
dose del artículo 399 del Código Civil, según el cual la hipo-
teca constituída por un condueño sobre su parte de dominio
no produce efecto con relación á las partes de los demás con-
dueños, ese error no trasciende á la parte dispositiva de
aquel fallo, cuyos extremos no están en contradicción con el
mencionado artículo, y no puede producir por tanto la casa-
ción de la sentencia, porque ésta subsiste por otros funda-
mentos, y el recurso no es útil contra los razonamientos del
Tribunal sentenciador que no sean esenciales al fallo.—
Considerando en orden al tercer motivo de casación, que la
sentencia se atempera á los preceptos del artículo 131 de la
Ley Hipotecaria, aplicables por analogía al caso de autos, y

que se suponen infringidos, pues lejos de negarse al comprador en remate de la casa número 7 de la calle de San Justo,
la alternativa de reconocer la hipoteca constituída por Balmes á favor de Olivas, ó de pedir el depósito de la cantidad
que á ella corresponda, se le reconoce semejante derecho,
aunque restringido al valor ó precio que en el remate obtenga
la sexta parte hipotecada, por exigirlo así los artículos 399
y 1,876 del Código Civil, pues si la hipoteca afecta directa é
inmediatamente los bienes sobre que se impone, y si con
relación á los condueños de una cosa común está limitada á
la porción que al condueño que la haya constituído corresponda en la división al cesar la comunidad, es obvio que
llegado el caso de enajenarse una cosa común, la parte de
precio que toque al condueño hipotecante es la que puede
servir de base para el pago del crédito hipotecario ó para su
reconocimiento por el rematista.—Considerando, en cuanto
al cuarto motivo de casación, que habiendo solicitado Doña
Eva Acosta en la demanda ampliada, respecto de Don Juan
Olivas, que se condene á éste á la venta en subasta de la casa
número 7 de la calle de San Justo, cuya subasta aceptará no
sólo por su condominio sino además por su derecho hipotecario, el cual se cancelará en debida forma, cualquiera sea
el precio que se obtenga, sin perjuicio de sus derechos contra
Balmes para cobrar la diferencia, y habiéndose opuesto en
absoluto Don Juan Olivas á tal demanda en la parte relativa
á la cancelación de la hipoteca antes de expirar el término
en el contrato fijado, con súplica de que respecto de ese extremo se declare sin lugar la demanda, la sentencia que
resuelve el litigio en los términos ya expuestos, es clara y
precisa, y guarda congruencia con las pretensiones deducidas
por las partes, según previene el artículo 358 de la Ley de
Enjuiciamiento Civil, pues accede sustancialmente á lo
pedido por la parte actora, ordenando á Olivas la cancelación
de la totalidad de la hipoteca constituída sobre la sexta de
dominio que á Balmes corresponde en la casa, si el comprador en el remate de la finca lo exigiere, sin que esa modi-

ficación ó restricción que afecta al mismo derecho discutido,
quebrante aquella congruencia, como tampoco apareja con-
tradicción alguna.—Considerando : Que tampoco se ha in-
fringido el artículo 1,516 de la Ley de Enjuiciamiento Civil,
citado en el motivo quinto del recurso, como aplicable por
analogía, pues la sentencia, lejos de negar que la cancelación
de la hipoteca constituída por Balmes á favor de Olivas, debe
llevarse á efecto á instancia del comprador de la finca en el
remate, lo reconoce de un modo expreso al ordenar que la
obligación de cancelar impuesta á Olivas debe entenderse
con la restricción de si el comprador en el remate de la finca
lo exigiere.—Considerando : Que si bien la parte recurrente
al exponer los motivos de casación 1º, 3º, 4º y 5º, pretende
deducir que han sido infringidos los artículos 105 y 131 de
la Ley Hipotecaria, y 358 y 1,516 de la de Enjuiciamiento
Civil, por reconocerse en la sentencia, según alega, acción á
Doña Eva Acosta para pedir lo que sólo el comprador tiene
derecho á exigir al verificarse el remate de la casa número 7
de la calle de San Justo, tal infracción no existe, pues los
artículos 105 de la Ley Hipotecaria y 358 de la de Enjui-
ciamiento Civil son extraños á semejante particular, y si bien
los artículos 131 de la primera de las Leyes citadas y 1,516
de la segunda, aplicables por analogía á la venta en subasta
de una cosa común, conceden al comprador ó rematista el
derecho de optar por el reconocimiento de la hipoteca que
grave la finca subastada ó por su cancelación, mendiante el
depósito de la cantidad asegurada por la hipoteca, ese de-
recho se reconoce expresamente en la sentencia recurrida al
comprador ó rematista, y no á Doña Eva Acosta, la cual no
ha ejercitado acción para ello, sino para que Don Juan Oli-
vas, como condueño y como acreedor hipotecario de parte
alícuota, venga á la división de la cosa común, estando en su
día bajo uno y otro concepto sujeto á las resultas de la mis-
ma, á cuyo llamamiento ha correspondido Olivas negándose
en absoluto á la cancelación del crédito, mientras éste no esté
vencido y pagado, y sin indicar siquiera su conformidad con

la cancelación de la hipoteca en el caso de que el comprador optara por ella, olvidando así al contestar la demanda los textos legales que en el recurso estima infringidos.—Considerando : Que si por las razones expuestas no se han cometido las infracciones alegadas en los cinco primeros motivos del recurso, tampoco resulta infringido el artículo 1,902 del Código Civil, que se cita en el sexto, porque no ejecuta propiamente un daño quien se limita á pedir ante los Tribunales la realización de un derecho más ó menos claro, siendo la imposición de costas el único correctivo aplicable en cada caso concreto, cuando se desestiman las pretensiones injustificadas, correctivo que ha de tener por base la estimación de la temeridad ó mala fe con que procede el litigante, contra cuya estimación no cabe recurso alguno.—Fallamos : Que debemos declarar y declaramos no haber lugar al recurso de casación interpuesto por Don Juan Olivas, á quien condenamos en las costas; y con certificación de esta resolución, devuélvanse los autos al Tribunal del Distrito de San Juan, á los fines procedentes.—Así por esta nuestra sentencia, que se publicará en la *Gaceta Oficial*, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—Juan Morera Martínez.—Luis de Ealo y Domínguez.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Don José C. Hernández, Ponente en este recurso, celebrando audiencia pública dicho Tribunal en el día de hoy, de que certifico como Secretario en Puerto Rico, á nueve de Diciembre de mil ochocientos noventa y nueve.—E. de J. López Gaztambide.